IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Geraldine Maldonado, et al., | NO. C 08-05642 JW |
| Plaintiffs, | **ORDER TO SHOW CAUSE RE: DISMISSAL** |
| v. | |
| City of Gilroy, et al., | |
| Defendants. | |

This case is scheduled for a Case Management Conference on June 21, 2010. The parties submitted a Joint Case Management Conference Statement. (See Docket Item No. 49.) This case is presently stayed during the pendency of a criminal action against Plaintiff Geraldine Maldonado ("Maldonado") for the same arrest and related events that are the subject of the civil rights claims in this case.[1] In their Joint Statement, the parties represent that on May 17, 2010, the Appellate Department of the Superior Court affirmed Plaintiff Maldonado's misdemeanor conviction and that Plaintiff Maldonado has until August 13, 2010 to notice a further appeal of her criminal case. (Joint Statement at 4-5.) In their Joint Statement, the parties request a continuance of the stay until September 1, 2010 to account for time that Plaintiff Maldonado has to consider whether to further appeal her criminal conviction. (Id. at 5.)

---

[1] (See Docket Item Nos. 45, 47.) Although the Complaint names Plaintiff Maldonado and two of her children as Plaintiffs, the entire Complaint appears to be based on the allegedly false arrest of Plaintiff Maldonado. (See Docket Item No. 1.)

In light of the fact that the criminal conviction may bar this action pursuant to Heck v. Humphry,[2] the fact that this case has been pending for over a year and a half without completing even the earliest stages of discovery,[3] and the Court's severely impacted case docket, the Court VACATES the Case Management Conference and orders as follows:

(1) Plaintiff Maldonado shall appear in Courtroom No. 8, 4th Floor, United States District Court, 280 South First Street, San Jose, Ca. on **July 12, 2010 at 9 a.m.** to show cause, if any, why this action should not be dismissed as premature.[4]

(2) On or before **July 2, 2010**, the parties shall each file simultaneous responses to this Order.

Dated:  June 16, 2010

JAMES WARE
United States District Judge

---

[2]  512 U.S. 477 (1994).

[3]  The Court stayed this case two months after it issued a case schedule.  (See Docket Item Nos. 42, 45.)

[4]  Under federal law, "a claim for unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" does not accrue until the conviction is invalidated.  See Heck, 512 U.S. at 486-87; Harvey v. Waldron, 210 F.3d 1008, 1013 (9th Cir. 2000).  This rule "delays what would otherwise be the accrual date of a tort action until the setting aside of an extant conviction which success in that tort action would impugn."  See Wallace v. Kato, 127 S. Ct. 1091, 1097-98 (2007).

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Craig Allen Livingston clivingston@livingstonlawyers.com
Crystal Lee Van Der Putten cvanderputten@livingstonlawyers.com
Mark F. Bernal mark.bernal@cco.sccgov.org
Timothy James Schmal Tschmal@bvsllp.com

**Dated: June 16, 2010**                                    **Richard W. Wieking, Clerk**

                                                            **By:    /s/ JW Chambers
                                                                     Elizabeth Garcia
                                                                     Courtroom Deputy**